David TEDFORD, d/b/a Tedford Flying Service, Plaintiff,

v.

GRUMMAN AMERICAN AVIATION CORPORATION, and Engine Support, Inc., Kimmel Aviation, Inc., and Pacific Propeller, Inc., Defendants.

No. WC 79–131–S–P.

United States District Court, N. D. Mississippi, W. D.

Feb. 15, 1980.

Lawrence Chandler, Calhoun City, Miss., Charles Cook, Bruce, Miss., for plaintiff.

Louis F. Allen, Waring, Cox, Sklar, Allen, Chafetz & Watson, Memphis, Tenn., for Engine Support, Inc.

William E. Suddath, Jr., Watkins & Eager, Jackson, Miss., for Grumman American Aviation Corp.

H. D. Brock, Greenwood, Miss., for Kimmel Aviation, Inc.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court on the motion of defendant Engine Support, Inc. (hereafter "Engine Support"), to dismiss the complaint against it because of lack of in personam jurisdiction; and upon its separate motion to dismiss, for the same reason,

the cross-claim of its codefendant Grumman American Aviation Corporation (hereafter "Grumman").

Engine Support was served with process pursuant to Mississippi's long-arm statute, Miss.Code 1972, Annotated, § 13–3–57, which provides, in pertinent part, that a nonresident may be sued in Mississippi courts, when such nonresident commits "a tort in whole or in part in this state against a resident of this state."

Engine Support is a Delaware corporation, and its sole and only place of business is in Sebring, Highland County, Florida. Engine Support has never transacted any business in Mississippi and its only direct contacts with the state have been when on two occasions it had a salesman visit the state and on two other occasions one of its mechanics visited the state.

Engine Support is engaged in the business of overhaul of aircraft engines. This work is performed only at its place of business in Sebring, Florida. The subject matter of this action is an aircraft engine incorporated into a Grumman Ag-Cat cropduster aircraft by Grumman at its place of business in Elmira, New York.

The aircraft engine was a Pratt & Whitney engine. The engine was overhauled and remanufactured to a zero time by Engine Support, sold by Engine Support to Grumman and by it, incorporated into the finished aircraft.

The aircraft was sold by Grumman to a retail dealer in Greenwood, Mississippi, Kimmel Aviation. Kimmel sold the aircraft to plaintiff as a new aircraft with a remanufactured engine.

While the aircraft was being used by plaintiff in his cropdusting business, the engine fell off the body of the aircraft and the aircraft crashed, damaging the aircraft and inflicting injuries to plaintiff. The complaint charges that Grumman and Engine Support were negligent in the manufacture and assembly of the aircraft and that this negligence proximately caused its crash.

Plaintiff sues Grumman and Engine Support to recover damages resulting from the crash. Grumman has filed a cross-claim against its codefendant Engine Support, claiming indemnity because of an alleged defective remanufacture of the engine.

Grumman and Engine Support have furnished the court with excellent briefs. Engine Support has supported its motion with the affidavit of its president, J. Paul Salinder.

Engine Support contends that to permit the exercise of in personam jurisdiction over it in the action sub judice would offend the "traditional notions of fair play and substantial justice" mentioned in *International Shoe Company v. State of Washington, et al.*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

The Supreme Court has only recently spoken again on this subject. *World-Wide Volkswagen Corp. et al. v. Woodson, District Judge of Creek County, Oklahoma, et al.*, —— U.S. ——, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). This product-liability action was instituted in an Oklahoma state court by a husband and wife to recover for personal injuries sustained in Oklahoma in an accident involving an automobile that had been purchased in New York while they were New York residents and that was being driven through Oklahoma at the time of the accident. The defendants included the automobile's manufacturer, its importer, its regional distributor, World-Wide Volkswagen Corp. (hereafter "World-Wide"), and its retail dealer, Seaway Volkswagen, Inc., (hereafter "Seaway"). Seaway and World-Wide entered special appearances, claiming that Oklahoma's exercise of jurisdiction over them would offend limitations on the State's jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment. When their challenge to the Oklahoma's court's jurisdiction was overruled by the trial court, and its decision affirmed by the Supreme Court of Oklahoma, Seaway and World-Wide sought and obtained a review of the issue by the United States Supreme Court on certiorari to the state court.

146

The Supreme Court held the State Supreme Court in error because the peculiar facts of the case reflected that Seaway and World-Wide did not have the necessary contacts, ties, or relations with the State of Oklahoma required by *International Shoe Co. v. Washington, supra*, 326 U.S. at 319, 66 S.Ct. at 159.

This latest decision by the United States Supreme Court on the issue before the court in the action sub judice discusses in detail the problems presented by the question of in personam jurisdiction by a state court over a nonresident via a state long-arm statute such as the one enacted by the Mississippi Legislature, Miss.Code, 1972, Ann. § 13–3–57, and plainly demonstrates that each case must be decided on the facts of the case then under consideration. The *Woodson* decision contains this relevant statement:

> The forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State.

—— U.S. at ——, 100 S.Ct. at 567.

The court holds that the facts reflected by the record in the action sub judice will support in personam jurisdiction over defendant Engine Support. This defendant remanufactured the engine in question, and furnished it to the aircraft manufacturer for incorporation into an aircraft to be used in agricultural pursuits by the ultimate user. In doing so, Engine Support delivered the remanufactured engine into the stream of commerce with the expectation that it would be purchased and used by someone engaged in agricultural pursuits, in this case, as the plaintiff.

The court's decision is justified by the holding of the Mississippi Supreme Court in *Smith v. Temco, Inc.*, 252 So.2d 212 (Miss. 1971), and *Dawkins v. White Products Corp. of Middleville, Michigan*, 443 F.2d 589 (5th Cir. 1971).

An order will be entered overruling the motions.