427 So.2d 389 (1983)
Dr. Bernard COHEN and Florence Cohen, His Wife, Appellants,
v.
GENERAL MOTORS CORPORATION, CADILLAC DIVISION, Appellee.
No. 82-462.
District Court of Appeal of Florida, Fourth District.
March 9, 1983.
*390 Milton Kelner of Kelner & Kelner, Miami, for appellants.
R. Benjamine Reid of Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern, P.A., Miami, for appellee.
HERSEY, Judge.
This is an appeal from a summary judgment in favor of defendant, General Motors Corporation, in an action for personal injuries based upon strict liability, breach of implied warranty of reasonable fitness for use, and negligence.
When the automatic parking brake release of a 1978 Cadillac malfunctioned, appellant, Cohen, came to the driver's assistance. The automobile designers had anticipated that this automatic feature might not function and provided an emergency manual brake release as well. Cohen was aware of the location of the manual release lever under the dash because he owned a Cadillac and had read the owner's manual. The vehicle was running, sitting on an incline and in gear (Reverse), although the driver told appellant it was in "park." Cohen positioned himself in such a manner that when he released the parking brake, the car moved backward over his leg, injuring him.
Appellant Cohen alleged that the car was defective and the owner's manuals were inadequate for failing to advise the reader to place the car in park or to utilize the footbrake when manually disengaging the emergency brake.
We are asked to review the summary judgment entered by the lower court. The counts in strict liability and implied warranty are premised on the existence of a defect and no defect was shown. While it is true that the automatic brake release failed to work, the automobile designers anticipated this very contingency and provided an alternate manual release. The fact that a mechanical convenience malfunctions does not necessarily mean that it is legally defective.
Moreover, the requisite proximate causation is not present. It was not the failure of the automatic brake release but the appellant's use of the properly functioning manual brake release which allowed the car to roll, injuring appellant. Thus the summary judgment was appropriate on these two counts.
Turning to the negligence action, appellee is charged with breaching the duty to warn by failing to specifically instruct the user to shift the car into neutral gear or engage the foot brake while manually releasing the emergency brake.
A duty to warn arises where a product is inherently dangerous or has dangerous propensities. Dayton Tire & Rubber Co. v. Davis, 348 So.2d 575 (Fla. 1st DCA 1977) rev'd on other grounds, 358 So.2d 1339 (Fla. 1978). Thus, a warning of a known danger in a non-defective machine is required in the exercise of reasonable care. LaCoste v. Ford Motor Co., 322 N.W.2d 898 (Ia. 1982). Further, a supplier of a product who knows or has reason to know that the product is likely to be dangerous in normal use has a duty to warn those who may not fully appreciate the possibility of such danger. Restatement (Second) of Torts, Section *391 388. However, there is no duty to warn of an obvious danger. Here, the danger of manually releasing the emergency brake while the car was running and in gear was obvious  that is, it was obvious that when the brake was released, the car would move in accordance with the gear.
Finally, we note that the car owner's manual contains directions for the proper use and operation of the car which must be distinguished from warnings required in the case of an inherently dangerous product.
For the foregoing reasons we affirm the decision of the trial court.
AFFIRMED.
LETTS, C.J., and DELL, J., concur.