Michael **HRTICA**, Plaintiff,

v.

**ARMSTRONG WORLD INDUSTRIES,** etc., et al., Defendants.

No. 83–3102–Civ–KING.

United States District Court, S.D. Florida, Miami Division.

Sept. 10, 1984.

Frederick M. Baron, Baron & Associates, Dallas, Tex., Louis S. Robles, Miami, Fla., for plaintiff.

James C. Rinaman, Jr., Marks, Gray, Conroy & Gibbs, Jacksonville, Fla., for Owens-Illinois, Inc.

Jon W. Zeder, Miami, Fla., for GAF.

Rodd R. Buell, Miami, Fla., for Owens-Corning.

Susan J. Cole, Coral Gables, Fla., for Eagle Picher.

Brian S. Keif, Miami, Fla., for Combustion Eng.

Joel R. Wolpe, Miami, Fla., for H.K. Porter.

Thomas J. Schulte, Miami, Fla., for Keene.

Gilbert Haddad, Coral Gables, Fla., for Raymark Ind.

C. Bryant Boydstun, Jr., St. Petersburg, Fla., for Fibreboard.

## ORDER GRANTING DEFENDANT RAPID–AMERICAN'S RENEWED MOTION TO DISMISS

JAMES LAWRENCE KING, Chief Judge.

This cause arises before the Court upon the defendant RAPID–AMERICAN'S renewed motion to dismiss and supplement thereto.

Defendant has moved to dismiss the complaint on the grounds that this Court lacks in personam jurisdiction over it. In its earlier motion to dismiss, which this Court denied, defendant made the argument that Florida's current long arm statutes, § 48.-181 and § 48.193, Fla.Stat. (1983), could not confer in personam jurisdiction as they could not be applied retroactively. In this renewed motion to dismiss, defendant, without conceding its point on retroactive application, now argues that even assuming the current statutes did apply, this Court still lacks in personam jurisdiction. Defendant's new argument is divided into two parts, which the Court will address separately, based upon the date, 1969, plaintiff moved to Florida.

Before addressing defendant's argument, however, the Court finds it neces-

sary to note the following preliminary matters: Plaintiff's complaint alleges that defendant, who is also sued as a successor in interest to other corporations, engaged in the manufacture and distribution of asbestos insulation products which caused plaintiff's injuries and that defendant sold asbestos products within the State of Florida similar to those that injured plaintiff. Defendant attacked these jurisdictional allegations in its earlier motion to dismiss and in response plaintiff stated, "any jurisdictional concern as to RAPID–AMERICAN should be resolved in favor of permitting jurisdictional discovery". As noted earlier, the Court denied the motion to dismiss and allowed discovery to proceed but now that discovery has been completed, plaintiff has failed to substantiate its jurisdictional allegations. Plaintiff's allegations as to jurisdiction are taken as true on a motion to dismiss only if they are undisputed. *Electro Engineering Products Co. v. Lewis*, 352 So.2d 862 (Fla.1977). In this case, defendant has disputed the applicability of the long arm statutes in an affidavit by defendant's treasurer which, in the course of outlining the relevant corporate history of defendant and its corporate predecessors, establishes that neither defendant or its immediate predecessor ever engaged in an asbestos related business in Florida or elsewhere. The Court, therefore, considers defendant's following arguments from the standpoint of the undisputed jurisdictional evidence submitted by defendant.

Defendant first argues that the plaintiff's injury in this case did not result from the defendant's, or its predecessor's pre 1969 activities in Florida and, therefore, cannot, pursuant to Florida's current long arm statutes § 48.181 and § 48.193, form the basis for in personam jurisdiction for any act which occurred prior to 1969.

■ The Court notes that both of the current long arm statutes require that the activities in Florida of a nonresident defendant, such as the defendant in this case, must have resulted in the injury complained of in order to confer jurisdiction. This requirement of "connexity" has been consistently upheld by judicial interpretation. *Bloom v. A.H. Pond Co., Inc.*, 519 F.Supp. 1162 (S.D.Fla.1981); *April Industries, Inc. v. Levy*, 411 So.2d 303 (Fla. 3d DCA 1982). Prior to 1969, plaintiff was not exposed to any asbestos products in Florida attributable to the defendant or its predecessor. Therefore, as plaintiff's cause of action is predicated upon his exposure to asbestos products, there is no connexity between the cause of action alleged and the pre 1969 activities of the defendant or its predecessor within Florida. In the absence of such connexity, the Court finds the defendant is not subject to in personam jurisdiction for any pre 1969 acts.

Defendant further argues that post 1969, any asbestos related activities in Florida were conducted only by its independent subsidiary and those activities are insufficient to subject the defendant to in personam jurisdiction for plaintiff's post 1969 asbestos exposure injury.

■ Here again, the Court notes, the only undisputed jurisdictional evidence before it is in the form of defendant's affidavit which indicates that the subsidiary in question was independent of the nonresident defendant parent corporation and further, that the subsidiary's activities in Florida were not controlled by the defendant. Case law holds that the transaction of business in Florida by a subsidiary corporation does not establish jurisdiction over the parent corporation under a long arm statute if that parent transacts no business in Florida. In order for the acts of the subsidiary to confer jurisdiction over the parent corporation, it must be established that the nonresident parent corporation exercised control over its subsidiary's activities in Florida. *MacMillan-Bloedel, Ltd. v. Canada*, 391 So.2d 749 (Fla. 5th DCA 1980). Plaintiff has argued, in its memorandum opposing defendant's renewed motion to dismiss, that defendant's claim of independence from its subsidiary is irrelevant to a determination of either its responsibility or of this Court's jurisdiction over it. Plaintiff bases its argument on the decision in *Tretter v. Rapid-American Corporation*, 514

F.Supp. 1344 (E.D.Mo.1981), which in denying defendant's motion for summary judgment, held it was liable, as a result of its merger, for any asbestos exposure occurring prior to its merger. This Court agrees with defendant that the holding in *Tretter* speaks only to the issue of defendant's liability and not to the issue of in personam jurisdiction. Therefore, as defendant's subsidiary was independent of it, the Court finds that the subsidiary's post 1969 activities in Florida cannot subject defendant to in personam jurisdiction.

■ As a final note, this Court does not find persuasive plaintiff's argument that defendant was under a duty to warn plaintiff after he moved to Florida in 1969 of the dangers of asbestos and that the breach of this alleged duty to warn is a basis, under Fla.Stat. § 48.193(1)(b), for subjecting defendant to in personam jurisdiction. While a supplier of a product who knows or has reason to know that the product is dangerous has a duty to warn third persons, neither defendant or its predecessor ever manufactured, sold or supplied asbestos related products and therefore, defendant as a non supplier was under no duty to warn. *See Cohen v. General Motors Corp.*, 427 So.2d 389, 390 (Fla. 4th DCA 1983). Moreover, succession by merger alone does not impose a duty to warn of recently discovered defects. *Gee v. Tenneco, Inc.*, 615 F.2d 857, 866 (9th Cir.1980).

Accordingly, this Court, after considering oral argument of counsel at a hearing on August 10, 1984, and reviewing the renewed motion to dismiss, the memoranda of law in support and in opposition thereto, herein does:

ORDER and ADJUDGE that defendant's motion to dismiss be, and it is, GRANTED. This case is DISMISSED as to defendant RAPID–AMERICAN.

DONE and ORDERED in chambers at the United States Courthouse, Miami, Dade County, Florida this 10th day of September, 1984.