470 So.2d 790 (1985)
Raymond COX and Patty Cox, His Wife, Appellants,
v.
R.O. CORPORATION, a Foreign Corporation, Appellee.
No. 84-1754.
District Court of Appeal of Florida, Third District.
June 11, 1985.
*791 David L. Kahn, Daniels & Hicks and Sam Daniels, Miami, for appellants.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Thomas F. Martin, Miami, for appellee.
Before NESBITT, DANIEL S. PEARSON, and FERGUSON, JJ.
FERGUSON, Judge.
Plaintiffs appeal from a final judgment for defendant notwithstanding a jury verdict which found defendant one hundred percent liable in a product liability action.
Defendant, R.O. Corporation, manufactured a crane mounted to a flatbed truck. For stability while lifting, the machine came equipped with four outriggers, one on each side, at the front and rear, which deployed out hydraulically twenty-seven inches from under the flatbed and to the ground. The foot of each outrigger consisted of a one-half inch steel plate approximately twelve inches square. The outriggers, which deployed in less than five seconds with the truck engine running, were not equipped with an audible warning device to warn those working in the vicinity of deployment.
On the date of the accident the truck-crane was driven to the warehouse of Zelner Electric Co., Mr. Cox's employer, for purposes of unloading six large spools of electrical wire and numerous smaller items. It was customary to deploy the outriggers to crane-lift heavy items, such as the large spools, after the smaller items were first manually removed from the flatbed. Mr. Cox was still unloading the smaller items when a co-worker, suddenly and without warning, lowered the outriggers. Mr. Cox's left foot was crushed by the right rear outrigger as it hit the surface of the parking lot.
Plaintiff and his wife sued R.O. alleging negligent design and manufacture of a defective truck-crane because of, among other things, failure to equip the machine with a warning signal or device which would alert persons in the vicinity of the outriggers that the outriggers were in operation. The case proceeded to jury trial.
Plaintiffs' expert testified that a $50 device, in use elsewhere, which warns workers in the area when the outriggers are about to be deployed would have prevented the accident. The defendant's experts testified that the machine was free from manufacturing defects and that a warning device was neither reasonable nor required.
Although the trial court's written judgment for the defendant is void of reasons for taking away the jury verdict, defendant makes the argument that plaintiff's injury was caused by his own negligence in the face of an "obvious" danger, citing Cohen v. General Motors Corp., 427 So.2d 389 (Fla. 4th DCA 1983), where a summary judgment for the manufacturer was affirmed. Cohen is distinguishable on the facts. In that case, the harm-producing force  movement of the auto  was activated by the intentional release of an emergency brake by plaintiff in reliance on the vehicle operator's mistaken belief that the transmission was in the park position. It was obvious in that case that releasing the brake while the car was running and in gear was dangerous. It was not obvious to plaintiff in this case that the outriggers would be deployed prematurely while he performed his normal duties of manually removing small items from the truck.
In reviewing the judgment notwithstanding a jury verdict, the test is whether there was any competent evidence presented to the jury by plaintiffs tending *792 to prove the issue. Hendricks v. Dailey, 208 So.2d 101 (Fla. 1968). Since there was such evidence, even though conflicting, the trial court should not have substituted its view of the evidence for that of the jury. "If the evidence is conflicting, or will admit different reasonable inferences, or if there is evidence tending to prove the issue, it should be submitted to the jury as a question of fact, and not be taken from them to be passed upon by the judge as a question of law." Cf. Dandashi v. Fine, 397 So.2d 442, 446 (Fla. 3d DCA 1981) (directed verdict for defendant improper).
Defendant's motion for new trial and motion for remittitur, which were filed along with the motion for judgment notwithstanding the jury verdict, may be considered on remand. See Navarro v. City of Miami, 402 So.2d 438 (Fla. 3d DCA 1981).
Reversed and remanded for further proceedings consistent with this opinion.