**Steve JOHNSTON, Plaintiff,**

v.

**PNEUMO CORPORATION, a Delaware Corporation formerly known as Pneumodynamics Corporation and Former Owner of Blanchard Machine Co.; Cone-Blanchard Machine Company, a Delaware Corporation and Successor-In-Interest to Blanchard Machine Company, a Defunct Massachusetts Corporation; and Electromatic Products Company, a Foreign Corporation, Jointly and Severally, Defendants.**

**Civ. A. No. J84–0815(B).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Feb. 4, 1987.

---

**2.** That of Colorado.

Jim Brantley, Paul Snow, Jackson, Miss.,
Harry Philo, Detroit, Mich., for plaintiff.

Heber A. Ladner, Jr. and Stephen P. Kruger, Hassell H. Whitworth, Jackson, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

This matter is before the Court on the Motion of Defendant Pneumo Corporation to dismiss for lack of personal jurisdiction. Defendant Pneumo is a non-resident corporation [1] which has not qualified to do business in Mississippi. The Court has considered the pleadings, interrogatories, depositions, affidavits, and arguments of counsel.

The pertinent facts of this diversity action are these. Plaintiff Steve Johnston, a Mississippi resident, was injured on September 19, 1981, while operating a Blanchard grinding machine at his place of employment in Magnolia, Mississippi. The grinding machine was manufactured in 1944 by Blanchard Machine Company, a Massachusetts corporation, and sold in that year to Motch and Merriweather Machinery Company in Cleveland, Ohio, for delivery to Packard Motor Car Company in Toledo, Ohio. The machinery eventually found its way to Croft Metals, Inc. in Magnolia, Mississippi, although the date and details of that event are uncertain.

In 1963 Blanchard Machine Company sold or otherwise transferred all of its assets to Pneumodynamics Corporation (later renamed Pneumo Corporation). Blanchard is now a defunct corporation. The purchase agreement provided that Pneumo would buy all assets and assume certain liabilities of Blanchard. Pneumo continued the same operations and enterprise of Blanchard under its Manufacturing Tool Group Division. In 1969 Pneumo sent an operating manual for the Blanchard grinding machine to Mississippi upon the request of Croft Metals. In 1972, Pneumo sold the

Manufacturing Tool Group Division to Cone-Blanchard Company, a Delaware corporation with its principal place of business in Vermont, and Cone-Blanchard was to assume the liabilities of this division. The injury to the Plaintiff occurred in 1981.

The Plaintiff Johnston filed this diversity action in 1984 against the corporate Defendants [2] alleging negligence and strict liability in the design, manufacture, and sale of the grinding machine and negligence in failing to warn of its dangers or to provide adequate instructions for its safe operation.

A defendant in a diversity action is amenable to personal jurisdiction of the district court to the extent it would be subject to the personal jurisdiction of the forum state courts. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir.1985); *Brown v. Flowers Industries, Inc.*, 688 F.3d 328, 331 (5th Cir.1982). Because Pneumo did not have a registered agent in Mississippi, substituted service of process was obtained on Pneumo through the Secretary of State by utilizing the Mississippi long-arm statute. The long-arm statute, *Miss.Code Ann.* § 13–3–57 (Supp. 1985), provides:

Any non-resident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or non-resident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi. Such act or acts shall be deemed equivalent to the appointment by such

---

1. Pneumo is a Delaware corporation with its principal place of business in Boston, Massachusetts.

2. Initially the only named Defendants were Blanchard Machine Company and Electro-Matic Products Company. The Plaintiff amended his

Complaint to add Pneumo Corporation and Cone-Blanchard Machine Company. In the Amended Complaint the Plaintiff deleted the name of the Blanchard Machine Company as a Defendant. The Electro-Matic Products Company has subsequently been dismissed from the action.

non-resident of the secretary of state of the State of Mississippi, or his successor or successors in office, to be the true and lawful attorney or agent of such non-resident upon whom all lawful process may be served in any actions or proceedings accrued or accruing from such act or acts, or arising from or growing out of such contract or tort, or as an incident thereto, by any such non-resident or his, their or its agent, servant or employee. *Id.*

Pneumo asserts that this Court lacks in personam jurisdiction over it because it is not "doing business" in and does not have sufficient minimum contacts with Mississippi. The Court asked for supplemental briefs and evidence on the issue of personal jurisdiction. The Plaintiff did not meet the deadline, but the Court acknowledges that the supplemental brief and evidence the Plaintiff submitted untimely did clarify a question the Court had asked him to address earlier, namely whether the Plaintiff had more than a mere allegation that Pneumo committed a tort in Mississippi.

 This Court notes that the Plaintiff has the burden of establishing a prima facie case for personal jurisdiction. *DeMelo v. Touche Marine, Inc.,* 711 F.2d 1260, 1270 (5th Cir.1983). All conflicts in the facts must be resolved in the Plaintiff's favor in determining whether a prima facie case for in personam jurisdiction has been established. *Cannon v. Tokyu Car Corporation,* 580 F.Supp. 1451, 1452 (S.D. Miss.1984). Personal jurisdiction may be exercised over a non-resident defendant if: (1) the nonresident defendant is amenable to service of process under the law of the forum state; and (2) the exercise of jurisdiction under state law comports with the due process clause of the Fourteenth Amendment. *Stuart v. Spademan,* 772 F.2d 1185, 1189 (5th Cir.1985); *Smith v. DeWalt Products Corporation,* 743 F.2d 277, 278 (5th Cir.1984).

As suggested in *Fehl v. S.W.C. Corporation,* 433 F.Supp. 939, 944 (D.Del.1977), two alternative theories can be advanced in support of personal jurisdiction over a corporate defendant such as Pneumo: the "tort" theory and the "corporate" theory. Under the tort theory, personal jurisdiction over Pneumo would be based on its own acts directed toward the forum state of Mississippi. Under the corporate theory, jurisdiction would be based on Pneumo's acquisition of assets and liabilities of the Blanchard Machine Company and any contacts this predecessor corporation would have with Mississippi.

## A. CORPORATE THEORY

 Ordinarily when one corporation (known as the "successor corporation") purchases or acquires manufacturing assets from another corporation, the successor does not become responsible for the debts and liabilities of the predecessor corporation. *See* 15 W. Fletcher, Cyclopedia of the Law of Private Corporations § 7122 (Rev. Perm Ed. 1983). There are four exceptions to this general rule to find that the successor does acquire such liability: (1) when the successor expressly or impliedly agrees to assume the liabilities of the predecessor; (2) when the transaction may be considered a *de facto* merger; (3) when the successor may be considered a "mere continuation" of the predecessor; or (4) when the transaction was fraudulent in order to escape liability. *Mozingo v. Correct Manufacturing Corp.,* 752 F.2d 168, 174 (5th Cir.1985).

 The Plaintiff contends the first exception applies because Defendant Pneumo expressly or impliedly agreed to assume the obligations of its predecessor, The Blanchard Machine Company. The purchase agreement between the two corporations provides that the buyer (Pneumo) shall assume at the closing "... any liability of Seller in connection with any article sold by Seller (other than pursuant to this Agreement), if Seller's officers had no notice of any claim giving rise to such liability prior to the Closing Date." Purchase Agreement Section 2.1(b). The grinding machine clearly falls under the classification "any article sold by Seller [The Blanchard Machine Company]," and Pneumo, as

the successor corporation, may be found responsible for these liabilities.

■ Still, the Court must first gain jurisdiction over Pneumo before it could be subject to these liabilities. Under the "corporate theory" the Plaintiff is required to show that Blanchard's activity or contacts with Mississippi would subject it to the reach of the Mississippi long-arm statute and that Blanchard's activities may properly be imputed or attributed to Pneumo. The record is unclear what contacts The Blanchard Machine Company may have had directly with Mississippi when it was a viable corporation. Yet this is not controlling of the issue since the Court finds that the second prong of attribution fails. This Court declines to hold that contacts with a forum may be attributed or imputed to a successor corporation simply because that corporation purchases assets and liabilities. *Cf. Fehl*, 433 F.Supp. at 947. The law is established that each defendant's contacts with the forum state must be assessed on an *individual basis*. *Calder v. Jones*, 465 U.S. 783, 790, 104 S.Ct. 1482, 1487, 79 L.Ed.2d 804 (1984) (emphasis added); *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n. 13, 104 S.Ct. 1473, 1482 n. 13, 79 L.Ed.2d 790 (1984); *Rush v. Savchuk*, 444 U.S. 320, 332, 100 S.Ct. 571, 579, 62 L.Ed.2d 516 (1980).

The Court notes that attribution of contacts with a forum for personal jurisdiction purposes has been applied in instances of alter-ego status with parent and subsidiary corporations, but this situation is distinguishable. The Fifth Circuit normally demands "proof of control by the parent over the internal business operations and affairs of the subsidiary in order to fuse the two for jurisdictional purposes." *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir.1983). *See also Hrtica v. Armstrong World Industries*, 607 F.Supp. 16, 18 (S.D. Fla.1984) (for acts of subsidiary to confer jurisdiction over parent corporation, it must be established that non-resident parent exercised control over subsidiary's activities in forum state). Blanchard and Pneumo were separate and independent corporations prior to the purchase, and no control was exerted by Pneumo over Blanchard.

The Plaintiff has not shown that Blanchard and Pneumo would in reality constitute one and the same corporation at the time Blanchard would have had any contacts with Mississippi.

On this basis the Court will not impute or attribute Blanchard's activities or contacts to the non-resident successor Pneumo. Therefore, the Court rejects the corporate theory that acquisition of Blanchard's assets would impute Blanchard's contacts with Mississippi, if any, to Pneumo. Thus the Court must examine what contacts Pneumo itself has with Mississippi. *See Calder v. Jones*, 465 U.S. at 790, 104 S.Ct. at 1487 (defendant's contacts with forum must be assessed individually).

## B. TORT THEORY

■ As a first step, this Court must determine whether the reach of the Mississippi long-arm statute extends to cover Pneumo Corporation. The Defendant Pneumo has contended that it has no sales activities, advertising or employees in the State of Mississippi, and that it has not done any business within the State of Mississippi. Also, Pneumo has not made any contracts with a resident of Mississippi to be performed within this state. The Court must therefore ask whether the Defendant Pneumo committed a tort in Mississippi to deem it "doing business" under the state long-arm statute. *See Miss. Code Ann.* § 13–3–57 (long-arm statute). The Plaintiff alleged in his Complaint that Pneumo did not give adequate warnings or instructions for the use of the grinding machine sold by its predecessor. In some circumstances a successor corporation is under a duty to warn of any defect in a product manufactured and sold by the predecessor corporation. *See Jacobs v. Lakewood Aircraft Service, Inc.*, 512 F.Supp. 176, 185 (E.D.Pa.1981); *Fehl*, 433 F.Supp. at 944, 948–49. The Court does not weigh the merits, but simply examines whether the Plaintiff has met the prima facie burden of establishing personal jurisdiction. All that the Plaintiff must show at this point is that

the Defendant "committed a tort," not that the Defendant Pneumo is ultimately liable.

In 1969 Pneumo provided instructions and an operating manual for the grinding machine upon the request of Plaintiff's employer, Croft Metals. Plaintiff alleges negligence with regard to the manual, and this can be likened to a defective product which enters the state. Since the cause of action of a failure to warn or instruct "accrues" from the alleged act of supplying an inadequate manual to a resident of the State of Mississippi, the Defendant is potentially within the reach of the Mississippi long-arm statute. *Miss. Code Ann.* § 13–3–57 (actions accruing from acts or tort in this state). However, resolution of the issue regarding the long-arm statute does not dispose of the case. *See Thompson v. Chrysler Motors Corporation,* 755 F.2d 1162, 1168 (5th Cir.1985).

The second step in the personal jurisdiction inquiry is whether the exercise of jurisdiction under state law is constitutionally permissible by comporting with the due process clause of the Fourteenth Amendment. This second step is governed by federal law and requires the satisfaction of two elements: (a) the non-resident must have some minimum contact with the forum which results from an affirmative act on his part; (b) it must be fair and reasonable to require the non-resident to defend the suit in the forum state. *Stuart v. Spademan,* 772 F.2d 1185, 1189 (5th Cir. 1985). This means Pneumo must have minimum contacts with Mississippi and the exercise of jurisdiction over Pneumo must not offend "traditional notions of fair play and substantial justice." *See International Shoe Company v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *see also World-Wide Volkswagen v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). This Court must examine whether the Defendant did some act to purposefully avail itself of the privilege of conducting activities within the forum state. *See Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). A defendant's conduct and connection with the forum state must be such that he should reasonably anticipate being haled into court

there. *Woodson,* 444 U.S. at 297, 100 S.Ct. at 567.

The United States Supreme Court has recently stated in *Burger King Corporation v. Rudzewicz,* 471 U.S. 462, 471–72, 105 S.Ct. 2174, 181–82, 85 L.Ed.2d 528, 540–41 (1985):

> The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful "contacts, ties, or relations." By requiring that individuals have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign," ... the Due Process Clause "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit."
>
> Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, this "fair warning" requirement is satisfied if the defendant has "purposefully directed" his activities at residents of the forum, ... and the litigation results from alleged injuries that "arise out of or relate to" those activities.

471 U.S. at 471–72, 105 S.Ct. at 2181–82, 85 L.Ed.2d at 540–41 (citations and footnotes omitted).

Pneumo Corporation has never qualified to do business in Mississippi, has never conducted sales activities in Mississippi, has never had any employees within the state, has never done advertising in Mississippi and has never had employees soliciting orders in Mississippi. There is only the isolated transaction of Pneumo mailing the operating manual to Croft Metals in Mississippi in 1969. The Court recognizes that "even a single purposeful contact is sufficient to satisfy the due process requirement of minimal contacts when the cause of action arises from the contact." *Thompson,* 755 F.2d at 1172. The Court must determine whether there was a "purposeful contact" by which Pneumo pur-

posefully availed itself of the privilege of conducting activities in Mississippi such that it should reasonably anticipate being haled into court here.

■ The one contact Pneumo has had with Mississippi does not demonstrate that it purposefully availed itself of the privilege of conducting business in Mississippi or that it invoked the benefits and protections of Mississippi law. *See Woodson,* 444 U.S. at 297, 100 S.Ct. at 567; *Hanson,* 357 U.S. at 253, 78 S.Ct. at 1239; *Stuart,* 772 F.2d at 1190. The Court is reminded that "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum state." *Burger King,* 471 U.S. at 474, 105 S.Ct. at 2183, 85 L.Ed.2d at 542; *Stuart,* 772 F.2d at 1191. "Considerations such as the quality, nature, and extent of the activity in the forum, the foreseeability of consequences within the forum from activities outside it, and the relationship between the cause of action and the contacts, relate to whether it can be said that the defendant's actions constitute 'purposeful availment.'" *Prejean v. Sonatrach, Inc.,* 652 F.2d 1260, 1268 (5th Cir.1981). Sending an operating manual to the Plaintiff's employer in Mississippi was not a purposeful availment of the privilege of conducting business in Mississippi. It was only after the request was initiated by Croft Metals that Pneumo sent the manual. The quality, nature, and extent of the activity is not sufficient to establish "purposeful availment." Sending the manual to Mississippi was fortuitous, for Pneumo would have sent it if the employer had been operating in any other state. The act was not done to establish or promote sales in Mississippi or to avail Pneumo of the privilege of conducting activities in Mississippi. This act is not sufficient to meet the "minimum contacts" requirement under due process.

■ The second element under due process analysis which must be resolved is whether it is fair, just, and reasonable to require the non-resident defendant Pneumo to defend itself in a Mississippi court. The contact supplying the statutory nexus is alone not enough for this Court to say that a defendant in Pneumo's situation would

not be surprised when haled into a court in Mississippi, therefore, suit in Mississippi would offend "traditional notions of fair play and substantial justice." *See International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940)). The Court recognizes that other factors relevant to this inquiry are whether the forum state has any special interest in exercising jurisdiction and whether the convenience of the parties favors litigating in another state. *Thompson,* 755 F.2d at 1173. Even though Mississippi has a strong interest in providing a forum for redress of injuries to its residents, *see De-Melo v. Touche Marine, Inc.,* 711 F.2d 1260, 1272 (5th Cir.1983); *Smith v. Temco, Inc.,* 252 So.2d 212, 216 (Miss.1971), the United States Supreme Court has announced:

> Even if the defendant would suffer minimal or no inconvenience from being forced to litigate before the tribunals of another state; even if the forum state has a strong interest in applying its law to the controversy; even if the forum state is the most convenient location for litigation, the Due Process Clause, acting as an instrument of interstate federalism, may sometimes act to divest the state of its power to render a valid judgment.

*World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. at 294, 100 S.Ct. at 565. On the basis that it has not been established Pneumo Corporation had minimum contacts with Mississippi, the Due Process Clause prevents this Court from exercising in personam jurisdiction.

■ In a last attempt to acquire general jurisdiction, the Plaintiff contends that Pneumo is a national corporation and its marketing plan is intended to reach all states, including Mississippi which has businesses and armed service bases likely to buy Pneumo products such as airplane parts. Plaintiff asserts this establishes minimum contacts with Mississippi under *Vault Corp. v. Quaid Software, Ltd.,* 775 F.2d 638 (5th Cir.1985) and *Tedford v.*

*Grumman American Aviation Corp.*, 488 F.Supp. 144 (N.D.Miss.1980). It has been accepted by the Plaintiff that Pneumo does not have employees, advertising, or sales activity within Mississippi, therefore the Plaintiff is relying solely on the Defendant's introduction of airplane parts "into the stream of commerce with the expectation that they will be purchased by consumers in the forum state." *See Woodson*, 444 U.S. at 298, 100 S.Ct. at 567. The cases on which the Plaintiff relies are distinguishable on the basis that the causes of action arose from the products that were introduced into a national market. To gain general jurisdiction on the basis that the nonresident "does business" in this state, "the cause of action must arise from, or be connected with, such act or transaction." *Thompson*, 755 F.2d at 1166–67 & n. 3. In the case *sub judice* the cause of action for failure to warn of defects in a grinding machine does not arise from and is not connected with Pneumo's distribution of airplane parts. Thus, general jurisdiction may not be exercised over Pneumo.

For the foregoing reasons, this Court lacks in personam jurisdiction over the Defendant Pneumo Corporation and the Court grants the Defendant's Motion to Dismiss. Defendant Pneumo is hereby dismissed from this action.