BRADLEY D. BOSSERT, Plaintiff-Appellant, v. F.S. TATE *et al.*, Defendants-Appellees.

Third District    No. 3—88—0098

Opinion filed June 1, 1989.

Roger B. Gomien, of Gomien, Root & Rigazio, of Morris (Paul E. Root, of counsel), for appellant.

James C. Kearns, of Heyl, Royster, Voelker & Allen, of Urbana (Michael E. Raub and John McGahey, of counsel), for appellee Al Messier.

John P. McGahey and Gregory G. Smith, both of Wilson, Elser, Moskowitz, Edelman & Dicker, of Chicago, for appellee Yamaha Motor Corporation.

JUSTICE SCOTT delivered the opinion of the court:

This appeal seeks a review of the order of the circuit court of Kankakee County which dismisses with prejudice the complaint of the plaintiff, Bradley D. Bossert, which he had filed against the defendants Yamaha Motor Corporation, U.S.A., and Al Messier, d/b/a Messier's Yamaha.

On May 24, 1985, the plaintiff, age 21, suffered injuries to his lower left leg when the Yamaha motorcycle he was riding was struck in the left side by an automobile. The motorcycle was manufactured by Yamaha Motor Corporation, U.S.A., hereinafter referred to as Yamaha, and was purchased from the defendant Al Messier, d/b/a Messier's Yamaha, hereinafter referred to as Messier.

On May 18, 1987, plaintiff filed a complaint against the driver of the vehicle which struck him and against Yamaha and Messier. The suit against Yamaha was in three counts, namely, strict liability in tort, negligence, and breach of implied warranty. All of the counts were predicated upon the fact that the motorcycle of the plaintiff was unreasonably dangerous when put to its foreseeable use as a vehicle to ride in traffic because of its failure to be built with a frame affording protection or, in the alternative, because of the absence of crash bars (leg protection device) to protect the rider's legs.

The complaint also charged Messier, the dealer, with negligence for selling to the plaintiff a noncrashworthy motorcycle since no protection for a rider's legs was afforded and there was a failure to install crash bars and failure to advise plaintiff to install the same. The complaint also sought recovery from Messier for breach of implied warranty of merchantability by selling an ill-equipped (no crash bars) vehicle to the plaintiff.

Both Yamaha and Messier moved the trial court to dismiss the counts filed against them and, in support of such motions, relied on the case of *Miller v. Dvornik* (1986), 149 Ill. App. 3d 883, 501 N.E.2d 160, which held as a matter of law that a motorcycle without "crash bars" is not unreasonably dangerous.

■■ ■ In our system of jurisprudence, we follow the doctrine of "*stare decisis*," which dictates that in deciding a case we abide by or adhere to previously decided cases. In seeking precedential cases, members of the legal profession are in continuous search of the elusive case which is on "all fours." It is a rarity when such a case is

located. In the instant case we have an exception. The case relied on by the trial court in reaching its decision, to wit, *Miller v. Dvornik* (1986), 149 Ill. App. 3d 883, 501 N.E.2d 160, in all material aspects is identical with the situation presented in the instant case.

In *Miller* the plaintiff was 19 years of age and the owner of a Yamaha motorcycle which was unequipped with safety crash bars. The plaintiff was involved in an intersection collision with an automobile and incurred serious leg injuries. The plaintiff filed a complaint in which, *inter alia,* he named as defendants Yamaha, the manufacturer, and Performance, the retailer who sold the motorcycle to the plaintiff. In *Miller* the reviewing court affirmed the trial court, which held that motorcycles without crash bars are not unreasonably dangerous as a matter of law. The reasoning of the court was that the inherent risks of riding a motorcycle are known and obvious to the community at large, and since the risks are open and obvious, motorcycles without crash bars could not be unreasonably dangerous as a matter of law.

The case of *Miller* is dispositive of the determination of the instant case. The trial court correctly dismissed the alleged causes of action against Yamaha and Messier.

For the reasons set forth, the judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

HEIPLE and WOMBACHER, JJ., concur.