James P. **BYRNES**, Plaintiff,

v.

**HONDA MOTOR CO., LTD.,**
etc., et al., Defendants.

No. 93–8239–CIV.

United States District Court,
S.D. Florida.

June 10, 1994.

Charles Christian Kline, White & Case, Miami, FL, Wilton Lorenzo Strickland, Strickland & Seidule, P.A., Richard Allen Sherman, Fort Lauderdale, FL, for plaintiff.

John Carl Seipp, Jr., Daniel John Kissane, Seipp, Flick & Kissane, Miami, FL, for defendants.

## OMNIBUS ORDER

RYSKAMP, District Judge.

THIS CAUSE came before the court upon Defendants' Motion for Partial Summary Judgment [DE # 41] and numerous non-dispositive motions filed by both parties. The Court heard oral arguments on all pending motions on May 31, 1994.

### PARTIAL SUMMARY JUDGMENT ON FAILURE TO WARN

This product liability action involves an accident in which Plaintiff, while riding his 1990 Honda motorcycle, was injured when an oncoming, left-turning automobile hit Plaintiff. In part, Plaintiff alleges that Defendants should be held liable for "failing to warn of the lack of crash worthiness and the absence of leg protection" in connection with the sale of the subject motorcycle. In moving for summary judgment on the failure to warn claims, Defendants argue that Defendants had no duty to warn, because the danger was obvious. Plaintiff argues that there are issues of fact that preclude summary judgment.

Under Florida law, the duty to warn users of all potential dangers attaches only upon the sale and distribution of a product that is "inherently dangerous". *Advance Chemical Co. v. Harter*, 478 So.2d 444 (Fla. 1st DCA 1985), *review denied*, 488 So.2d 829 (Fla.1986). It is well settled that a motor vehicle (including a motorcycle) is not an "inherently dangerous product". See *Lollie v. General Motors Corp.*, 407 So.2d 613, 615 (Fla. 1st DCA 1981); *Mendez v. Honda Motor Co.*, 738 F.Supp. 481, 483 (S.D.Fla.1990); *O'Connor v. Kawasaki Motors Corp., U.S.A.*, 699 F.Supp. 1538, 1543 (S.D.Fla.1988).

Where a product is not deemed "inherently dangerous", as in this case, although the manufacturer does not have a duty to warn users of all potential dangers, there is a duty to warn of known dangers which are not otherwise fully appreciated by

the user. *Cohen v. General Motors Corp.*, 427 So.2d 389, 390 (Fla. 4th DCA 1983). A corollary rule is that where the potential danger posed by a product is open and obvious (i.e., patently appreciable by the user without a warning), there is no duty on the part of the manufacturer or distributor to warn users of said danger. *Cohen*, supra; *Clark v. Boeing Co.*, 395 So.2d 1226, 1228–29 (Fla. 3d DCA 1981); *Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519, 1525 (11th Cir.1985); *Knox v. Delta Int'l Mach. Corp.*, 554 So.2d 6, 7 (Fla. 3d DCA 1989); *Light v. Weldarc Co.*, 569 So.2d 1302, 1303 (Fla. 5th DCA 1990); 2 *Florida Torts* § 70.21[2][d] (1994); 32 *American Law of Products Liability*, § 32:63 (1993); 2 *Products Liability*, § 12:04 (1993).

Defendants argue that the hazards of riding a motorcycle in traffic, and the dangers to unprotected limbs of the motorcycle operator in the event of a collision, are open and obvious. Plaintiff's position is that Plaintiff in fact had no appreciation of the danger to his lower extremities in the event of a collision, that Defendants had a better appreciation of the danger, and thus a duty to warn attached.

■ The obviousness of a danger and adequacy of a warning are determined by a "reasonable person" standard, rather than on each particular plaintiff's subjective appreciation of the danger. See *Johns–Manville Sales Corp. v. Janssens*, 463 So.2d 242, 251 (Fla. 1st DCA 1984). As Defendants point out, if this were not the case, then a different warning would be needed for every single consumer, and manufacturers would need to attach warnings for every conceivable product to accommodate the idiot consumer.

■ Applying the reasonable person standard, the Court finds that the dangers posed to a motorcycle operator's lower extremities in the event of a collision, most often with motor vehicles significantly greater in size and weight, are open and obvious. Even Plaintiff's own expert has testified that "it's just logical" to conclude that if a motorcyclist is involved in a collision with an automobile that weighs several thousand pounds there is a risk of injury to the motorcyclist. Deposition of Robert S. Kennedy, Ph.D. at 29. A reasonable person could not fail to appreciate the dangers associated with the absence of a leg-guarding device on a motorcycle without specific warnings thereof.

It appears that all other courts that have addressed this issue have similarly concluded that as a matter of law, the danger to a motorcyclists' legs in the event of a collision is obvious, obviating warnings. See *Feazell v. Honda Motor Co., Ltd., et al.*, (Case No. 90–1138–CIV–MARCUS, S.D.Fla. November 12, 1991); *Lewis v. Honda Motor Co., Ltd. & American Honda Motor Co., Inc.* (Case No. 88–6386–CIV–GONZALEZ, S.D.Fla. April 18, 1991); *Shaffer v. AMF, Inc.*, 842 F.2d 893 (6th Cir.1988); *Bossert v. Tate*, 183 Ill. App.3d 868, 132 Ill.Dec. 166, 539 N.E.2d 729 (1988); *Taylor v. Honda Motor Co., Inc.*, 555 F.Supp. 59 (M.D.Fla.1982); *Nicholson v. Yamaha*, 80 Md.App. 695, 566 A.2d 135, 148 (1989); *Miller v. Dvornik*, 149 Ill.App.3d 883, 103 Ill.Dec. 139, 144, 501 N.E.2d 160, 165 (1986); *Barnes v. Harley–Davidson Motor Co.*, 182 Ga.App. 778, 357 S.E.2d 127, 130 (1987); *Hunt v. Harley–Davidson Motor Co.*, 147 Ga.App. 44, 248 S.E.2d 15, 16 (1978).

Having concluded that Defendants owed no duty to warn of dangers associated with a lack of leg protection, the Court finds that summary judgment in favor of Defendants on all claims based on a failure to warn is appropriate.

### DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERT

Defendants have moved to exclude the opinions and testimony of Plaintiff's expert witness Harry C. Peterson, Ph.D. Defendants argue that Peterson's testimony is inadmissible because it does not meet the standards for expert scientific evidence promulgated by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, —— U.S. ——, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

■ In *Daubert*, the Supreme Court held that expert scientific evidence under Rule 702 must be grounded in scientific method, must constitute more than mere subjective belief, and must be relevant to and fit the facts of the case in question. —— U.S. at

———·———, 113 S.Ct. at 2795, 125 L.Ed.2d at 480–81. In assessing the sufficiency of the expert scientific evidence, courts are to evaluate certain factors, including the testing of the hypotheses, peer review and publication of the theory or technique, and general acceptance of the theory or technique.

■ In the case at bar, there appears to be no dispute that Peterson has proffered no particular leg-guarding device that would have lessened the damage to Plaintiff's lower extremities, nor has any such device been designed, built or tested. In *Daubert*, the Supreme Court emphasized that Rule 702 requires that "the subject of an expert's testimony be 'scientific ... knowledge'". —— U.S. at ———·———, 113 S.Ct. at 2795, 125 L.Ed.2d at 480–81. Scientific methodology "is based on generating hypotheses and testing them to see if they can be falsified ..." *Id.* —— U.S. at ———·———, 113 S.Ct. at 2796, 125 L.Ed.2d ——, *id.* at 482–83. In this case, it appears that Peterson has generated certain hypotheses regarding safety equipment for the motorcycle at issue, but has not tested his hypotheses in any recognizable, scientific manner. Furthermore, because Peterson's hypothetical design has not been constructed or tested, there exists no empirical data for peers to review or scrutinize. Additionally, because the hypothetical design is not used in the industry, it cannot be generally accepted. In fact, it appears that the motorcycle industry has thus far generally rejected the premise of any leg-protecting device that would be feasible and effective.

After reviewing the factors enunciated in *Daubert*, the Court concludes that Peterson's opinions and testimony do not meet the standards set for expert scientific evidence and must be excluded.

### CONCLUSION

THE COURT has considered the Motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED as follows:

1. Defendants' Motion for Partial Summary Judgment on the failure to warn claims, dated March 2, 1994, is hereby GRANTED in favor of the Defendants.

2. Defendants' Motion to Exclude Testimony of Plaintiff's Expert, dated March 2, 1994, is hereby GRANTED.

3. Plaintiff's Motion to Strike Defendants' Corporate Representative or to Compel Deposition, dated May 9, 1994, is hereby DENIED.

4. Defendant's Motion in Limine to Exclude Certain Testimony of Plaintiff Byrnes, dated March 2, 1994, is DEFERRED UNTIL TRIAL.

5. Plaintiff's Motion to Extend Discovery Cut–Off for Deposition; to Extend Motion Cut–Off, dated May 10, 1994, is hereby GRANTED. The Court shall set new discovery and motion cut-off dates in a separate Re–Notice of Trial.

6. Plaintiff's Motion on Defendants' Notice of Conflict is DENIED as MOOT.

7. Plaintiff's Motion in Limine to Exclude Defendants' Static Reconstruction, dated May 10, 1994, is DEFERRED UNTIL TRIAL.

8. Defendants' Motion to Strike certain motions filed after the original motion cut-off date, dated May 16, 1994, is hereby DENIED.

9. Defendant's Motion for Protective Order, Motion to Quash Subpoena based on untimeliness, dated May 16, 1994, is hereby DENIED.

DONE AND ORDERED.