767 So.2d 543 (2000)
Juan RODRIGUEZ and Marcia Rodriguez, Appellants,
v.
NEW HOLLAND NORTH AMERICA, INC., and Growers Ford Tractor Company, Appellees.
No. 3D00-128.
District Court of Appeal of Florida, Third District.
August 16, 2000.
Spencer & Klein and Paul D. Breitner, Miami, for appellants.
Quarles & Brady, Mark A. Kircher and Cory L. Nettles (Milwaukee, Wisconsin), for appellees.
Before LEVY, GODERICH and SHEVIN, JJ.
*544 PER CURIAM.
The plaintiffs, Juan and Marcia Rodriguez, appeal from an adverse final judgment. We affirm.
The plaintiff, Juan Rodriguez, was injured while operating a Ford New Holland Model L-785 skid-steer loader in the course of his employment. The L-785 skid-steer loader is a four-wheeled, rubber-tired compact loader used in agricultural and industrial applications.
The loader is controlled from a seat located inside the operator's compartment. There are two foot pedals. The left pedal controls the raising and lowering of the boom. The right pedal controls the tilting and curling of whatever implement is attached in this case, a tree boom. Two hand levers control the direction and speed of the tires. The loader is equipped with a seat belt that must be fastened before the loader can be started and before the boom can be used. There is also a switch in the seat that prevents the boom from moving if the operator leaves his seat. Similarly, if the operator unbuckles the seat belt, the loader's boom is locked and will not move.
On the day of the accident, Rodriguez was working with two other laborers to construct a light-weight greenhouse at a tree nursery. He was using the loader to lift roof trusses to a height where his co-workers could bolt them onto the top of the framework for the greenhouse. The trusses were hooked onto the end of a tree boom.
At the time of the accident, Rodriguez had the boom of the skid-steer loader raised to its fullest extent. While he was waiting for his co-workers to secure the truss, he took his right foot off of the right foot pedal and placed it up on the front sill of the operator's compartment. He then closed his eyes, leaned back, and may have fallen asleep. At some point, Rodriguez bumped the left foot pedal that controls the raising and lowering of the boom. When Rodriguez bumped the left foot pedal, he lowered the boom onto the front portion of his right foot that was extended out over the front sill of the operator's compartment and into the boom's downward path. Rodriguez was awakened by the blow of the boom striking his foot. Rodriguez suffered a foot injury requiring several surgical procedures and finally resulting in the loss/amputation of three toes.
Rodriguez and his wife brought suit against New Holland North America, Inc. and Growers Ford Tractor Company alleging negligent failure to warn, strict liability, and breach of warranty. The complaint alleged that the loader was defective because of an unguarded "pinch point." The complaint also alleged that the loader did not include sufficient warnings of the allegedly defective and unreasonably dangerous condition.
The defendants moved for partial summary judgment on the plaintiffs' negligent failure to warn claim arguing that the alleged hazard was "open and obvious" as a matter of law. The trial court granted the defendants' motion for summary judgment finding that "the hazard complained of by plaintiff was open and obvious and was known to or should have been known to the plaintiff, such that defendants were relieved of any duty to provide a warning." The trial court denied the plaintiffs' motion for rehearing, and the cause proceeded to trial on the remaining design defect claims wherein the jury returned a defense verdict. The plaintiffs solely appeal from the entry of partial final summary judgment on the issue of negligent failure to warn.
The plaintiffs contend that the trial court erred by granting the defendants' motion for partial summary judgment on the negligent failure to warn claim. We disagree.
"A duty to warn arises where a product is inherently dangerous or has dangerous propensities.... However, there is no duty to warn of an obvious danger." Siemens Energy & Automation, Inc. v. Medina, 719 So.2d 312, 314 (Fla. 3d *545 DCA 1998), review denied, 733 So.2d 516 (Fla.1999)(quoting Cohen v. General Motors Corp., Cadillac Div., 427 So.2d 389, 390-91 (Fla. 4th DCA 1983)); see also Perez v. National Presto Indus., Inc., 431 So.2d 667 (Fla. 3d DCA)("[the] duty [to warn] extends only to those dangers which are not obvious")(citing Clark v. Boeing Co., 395 So.2d 1226 (Fla. 3d DCA 1981)), review denied, 440 So.2d 352 (Fla.1983). Further, there is no duty to warn the plaintiff of a danger that he is aware of. See Wickham v. Baltimore Copper Paint Co., 327 So.2d 826 (Fla. 3d DCA 1976)(holding that adequacy of the warning on the label was not a material issue where the plaintiff and his employer knew of and read the warning label and were cognizant of the dangers involved with using the product), cert. denied, 339 So.2d 1173 (Fla.1976).
In the instant case, the parties do not dispute that the loader was inherently dangerous. However, it is apparent from the record that the danger of coming into contact with the loader's boom was open and obvious. Moreover, Rodriguez himself gave deposition testimony that he understood that if any part of his body went into the boom's path, it would be crushed.
Because the danger was open and obvious and because Rodriguez was aware of the danger, the trial court correctly concluded that the defendants did not have a duty to warn and properly granted the defendants' motion for partial summary judgment.
Affirmed.