HAZOURI, J.
Elizabeth Insua, as personal representative of the Estate of Jose Luis Insua, *1263 appeals from the trial court’s entry of final judgment in favor of Envirovac, Inc., one of the defendants below. Insua asserts that the trial court improperly granted summary judgment on the theory that En-virovac, Inc., owed no duty to warn Jose of the danger of electrocution. We affirm.
On May 15, 2000, decedent, Jose Insua, was employed as an electrician performing electrical work for Dupuy Marine Services aboard a 141-foot yacht docked at the Hyatt Marina located in Fort Lauderdale, Florida. Jose was electrocuted while installing an upgrade on the yacht’s vacuum sewage system which was manufactured by Envirovac, Inc. At the time Jose was electrocuted he was working at the electrical panel for the vacuum sewage system. In her amended complaint, the personal representative did not allege that the En-virovac electrical panel was negligently designed or manufactured, but proceeded exclusively under a negligent failure to warn theory. The trial court in granting the summary judgment in favor of Envirovac concluded that Envirovac owed no duty'to warn decedent of the danger of electrocution. We agree.
A cause- of action for negligence is made up of four elements, the -first of which is a “duty, or obligation recognized by the law, requiring the [defendant] to conform ,to a certain standard of conduct, for the protection of others against unreasonable risks.” Clay Elec. Co-op., Inc. v. Johnson, 873 So.2d 1182, 1185 (Fla.2003) (quoting PROSSER AND KEATON ON THE DAW OF TORTS, 164-65 (W. Page Keaton ed., 5th ed.1984)).
Whether a duty exists is a question of law for the court. Goldberg v. Fla. Power & Light Co., 899 So.2d 1105, 1110 (Fla.2005); McCain v. Fla. Power Corp., 593 So.2d 500, 502 (Fla.1992). “The existence of”a legal duty is a threshold-question for the court.” Gibbs v. Hernandez, 810 So.2d 1034, 1036 (Fla. 4th DCA 2002). In McCain, the supreme court held that “a legal duty will arise whenever a human endeavor creates a generalized and foreseeable risk of harming others.” . Id. at 503. That duty can arise from four sources including (1) legislative enactments or, administration regulations; (2) judicial interpretations of such enactments or regulations; (3) other judicial precedent; and (4) a duty arising from the general facts of the case. See Clay Elec. Co-op., 873 So.2d at 1185. In the instant case, if a duty exists here, it arises under the general facts of the case.
In McCain, the supreme'court held:
The duty element of negligence focuses on whether the defendant’s conduct foreseeably created a broader “zone of risk” that poses a general threat of ■harm to others ...
Where a defendant’s conduct creates a foreseeable zone of risk, the law generally will recognize a duty placed upon defendant either to lessen the risk or see that sufficient precautions are taken to, protect others from the harm that the risk poses ...
Rather, each defendant who creates a risk is required to exercise prudent foresight whenever others may be injured as a result. This requirement of reasonable, general , foresight is the core of the duty element.
McCain, 593 So.2d at 502-03.
In Cohen v. General Motors Corp., Cadillac Division, 427 So.2d 389 (Fla. 4th DCA 1983), this court held:
A duty to warn arises where a product is inherently dangerous or has dangerous propensities. Thus, a warning of a known danger in a non-defective machine is required in the exercise of reasonable care. Further, a suppliér of a product who knows or has reason to know that the product is likely to be dangerous in normal use has a duty to warn those who may not fully appreciate *1264 the possibility of such danger. However, there is no duty to warn of an obvious danger.
Id. at 390-91 (citations omitted); see also Scheman-Gonzalez v. Saber Mfg. Co., 816 So.2d 1133, 1139 (Fla. 4th DCA 2002); Rodriguez v. New Holland N. Am., Inc., 767 So.2d 543 (Fla. 3d DCA 2000).
Insua argues that Scheman-Gonzalez, in which a summary judgment for the defendant was reversed, stands for the proposition that a question of fact remains as to the need for a warning on an inherently dangerous product. In that case when the decedent mounted a 16 inch tire onto a 16.5 inch rim, it exploded. There was an issue of whether the decedent was aware of the danger involved and the danger was not obvious as the tire appeared to fit the rim. The case also raised the issue of fact as to whether the warning was sufficient.
In the instant case, it is not necessary to reach the sufficiency of the warning. As to whether Jose was aware of the danger involved in working on electrical products, the supreme court held in Richmond v. Florida Power & Light Co., 58 So.2d 687, 688 (Fla.1952), “[t]he inherent danger of electrically energized wires is well known to all except those of the tenderest ageBy the same token, working on wires in an electrically charged panel is also known to be inherently dangerous, especially by a man of Jose’s experience. Because this was an obvious danger, Envirovac did not have a duty to warn. Based upon the foregoing, the trial court correctly granted summary judgment for Envirovac as it did not owe Jose Insua a duty to warn as a matter of law.

Affirmed.

STONE and GROSS, JJ„ concur.