578 So.2d 393 (1991)
Peter J. SALOZZO, Appellant,
v.
WAGNER SPRAY TECH CORPORATION, Appellee.
No. 90-118.
District Court of Appeal of Florida, Third District.
April 16, 1991.
James L. Ferraro and Marjorie N. Salem, Miami, for appellant.
Nicklaus Valle Craig & Wicks and Bill Edwards and Richard M. Davis, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and COPE, JJ.
*394 PER CURIAM.
Upon the conclusion that the record presents jury questions as to whether the defendant-appellee manufacturer adequately warned potential users against the dangers of a foreseeable method of operating its paint spray gun, the judgment entered below on a directed verdict in its favor is reversed. See Tampa Drug Co. v. Wait, 103 So.2d 603 (Fla. 1958); Advance Chemical Co. v. Harter, 478 So.2d 444 (Fla. 1st DCA 1985), review denied, 488 So.2d 829 (Fla. 1986); American Cyanamid Co. v. Roy, 466 So.2d 1079 (Fla. 4th DCA 1984), approved in part, quashed in part on other grounds, 498 So.2d 859 (Fla. 1986); Noel v. Ecker & Co., 445 So.2d 1142 (Fla. 4th DCA 1984); Edwards v. California Chemical Co., 245 So.2d 259 (Fla. 4th DCA 1971), cert. denied, 247 So.2d 440 (Fla. 1971); Billiar v. Minnesota Mining & Mfg. Co., 623 F.2d 240 (2d Cir.1980); Spruill v. Boyle-Midway, Inc., 308 F.2d 79 (4th Cir.1962); Uptain v. Huntington Lab, Inc., 685 P.2d 218 (Colo. App. 1984), aff'd, 723 P.2d 1322 (Colo. 1986); Marshall v. Beno Truck Equip. Co., 481 So.2d 1022 (La. App. 1985), cert. denied, 482 So.2d 620 (La. 1986); cf. Prather v. Upjohn Co., 797 F.2d 923 (11th Cir.1986) (verdict properly directed on strict liability theory; negligent warning issue submitted to jury). While we agree that the plaintiff's proposed expert testimony was properly excluded, expert evidence was not required to permit a jury conclusion that the warnings provided were inadequate, improperly located, or both. Streich v. Hilton-Davis, 214 Mont. 44, 692 P.2d 440 (1984); Macri v. Ames McDonough Co., 211 N.J. Super. 636, 512 A.2d 548 (1986).
Reversed and remanded.