580 So.2d 864 (1991)
Vivian LOPEZ, Appellant,
v.
SOUTHERN COATINGS, INC., Appellee.
No. 90-1854.
District Court of Appeal of Florida, Third District.
May 28, 1991.
Weinstein & Garvin, Andres A. Quintero and Philip Weinstein, Miami, for appellant.
*865 Adorno & Zeder, Raoul G. Cantero, III, and William S. Berk, Coconut Grove, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GERSTEN, JJ.
PER CURIAM.
Vivian Lopez appeals from an order of final summary judgment in a products liability action. For the following reasons, we affirm in part, reverse in part, and remand for further proceedings.
In January, 1986, Vivian Lopez suffered a severe asthmatic attack at her place of employment while painters from Steeltech Electroplating, Inc., were at her office to paint certain metal equipment with a paint manufactured by Southern Coatings, Inc. At some point during the morning, Lopez and various other employees were overcome by fumes. Lopez was transported by ambulance to a hospital where she remained for ten days.
Lopez sued the painting company and the paint manufacturer on various theories.[1] Lopez alleged that the paint manufacturer, Southern Coatings, was both negligent and strictly liable in tort for placing a defective product into the stream of commerce and that Southern Coatings' warning label on the paint was inadequate. Lopez alleged permanent injuries to her respiratory system, laryngeal structure, and vocal cords. Following extensive discovery, the trial court granted Southern Coatings' motion for summary judgment, finding that Lopez offered no proof of proximate cause. Specifically, the trial court found that any alleged defect in the paint could not have caused Lopez' injuries because there was no evidence that the painter had mixed the paint or had begun painting when Lopez fell ill. The trial court further found that, because the painter himself had not read the warning label on the can of paint, any inadequacy in the warning could not be the proximate cause of the injuries.
We affirm that portion of the order of summary judgment that finds that an inadequate warning label, if indeed it was inadequate, could not have been the proximate cause of Lopez' injuries. Both the painter and his employer testified in depositions that they had not read the warning label on the paint can. Where the person to whom the manufacturer owed a duty to warn  in this case, the painter[2]  has not read the label, an inadequate warning cannot be the proximate cause of the plaintiff's injuries. See Ashby Div. of Consol. Aluminum v. Dobkin, 458 So.2d 335, 337 (Fla. 3d DCA 1984) ("Although plaintiff insists that the jury could have determined that defendants were negligent in failing to warn or instruct, the undisputed evidence shows that plaintiff did not read the instructions on the ladder and therefore any failure to warn could not, as a matter of law, be the proximate cause of plaintiff's injuries."); see also Felice v. Valleylab, Inc., 520 So.2d 920 (La. Ct. App. 1987) (same), writ denied, 522 So.2d 562 (La. 1988).
We reverse that portion of the order of summary judgment that finds that Lopez offered no proof that the painter had mixed the paint and the catalyst or that he had begun painting when she fell ill. A review of the record reveals that there remain disputes over issues of material fact regarding when the paint can was opened, when the paint was mixed with the catalyst, and when the painting began.
In sum, the plaintiff may proceed on remand to attempt to prove her claims of negligence and strict liability based upon *866 the alleged defect in the paint.[3] Her claim that the warning label was inadequate, however, was properly resolved by the trial court.
Affirmed in part; reversed in part; remanded for further proceedings consistent with this opinion.[4]
JORGENSON and GERSTEN, JJ., concur.
SCHWARTZ, Chief Judge (dissenting in part).
While I agree with that portion of the majority opinion which partially reverses the summary judgment entered below, I must dissent, on two separate grounds, to the partial affirmance.
On the merits, I do not believe that the record shows an absence of material fact as to the causative link between the allegedly insufficient warnings given by the manufacturer and the injuries sustained by Ms. Lopez. This is true both because the very inadequacy of the warnings lay in their failure to protect members of the public like Ms. Lopez  who of course could not read the warning  rather than merely the painter who used the product, see Tucson Indus., Inc. v. Schwartz, 108 Ariz. 464, 501 P.2d 936 (1972), and more importantly, that, although the record demonstrates that the painter himself did not indeed read whatever warning was presented, it also shows that Rios's supervisor, one Kepke, specifically stated that he read all warnings provided and would have communicated them to the painters if they existed. Under these circumstances, only a jury could determine that the insufficient warnings were or were not a legal cause of the damages sued upon. See Ferebee v. Chevron Chemical Corp., 552 F. Supp. 1293 (D.D.C. 1982), aff'd, 736 F.2d 1529 (D.C. Cir.1984). See generally Salozzo v. Wagner Spray Tech Corp., 578 So.2d 393 (Fla. 3d DCA 1991).
In addition, the court's partial affirmance makes it necessary to reach the blatant improprieties in the manner in which the summary judgment was considered and granted. On the authority of such cases as Stanley v. Bellis, 311 So.2d 393 (Fla. 4th DCA 1975) and Gaymon v. Quinn Menhaden Fisheries, Inc., 108 So.2d 641 (Fla. 1st DCA 1959), I would hold that the plaintiff's motion for continuance of the hearing so that additional opposing affidavits could have been timely presented should have been granted, and thus that the summary judgment should not stand on procedural grounds.
On either or both bases, I would reverse the judgment under review in its entirety.
NOTES
[1] The action against the painting company remains pending in the circuit court.
[2] The manufacturer owes a duty to the user to warn of a product's inherently dangerous propensities. See Tampa Drug Co. v. Wait, 103 So.2d 603, 607 (Fla. 1958); compare Restatement (Second) of Torts § 388 (1977) (duty to warn of dangerous product extends to those whom the supplier should expect "to be endangered by its probable use"). In his dissent, Chief Judge Schwartz notes that the painter's supervisor stated that he read all of the warnings and would have communicated them to the painter if they existed. If the duty owed by the manufacturer is to the user, or even to those who might be endangered by use of the product, then it is of no moment that the supervisor read the warnings, when the painter, the person using the paint, testified that he had not read them.
[3] Chief Judge Schwartz, in his partial dissent, expresses his disapproval of the manner in which the trial court conducted the summary judgment proceedings. We note that, upon remand, the plaintiff will have the opportunity to introduce the causation evidence she earlier attempted to present in the form of supplemental affidavits.
[4] Because we reverse the order of final summary judgment on the ground that genuine issues of material fact remain, we do not reach the remaining issues raised by the appellant concerning the scheduling of the hearing on the motion for summary judgment and the affidavits filed in connection with that motion.