**STANLEY INDUSTRIES, INC., d/b/a Gallery Industries, Plaintiff,**

**v.**

**W.M. BARR & CO., INC., and the Home Depot, Inc., Defendants.**

No. 89–1840–CIV.

United States District Court,
S.D. Florida.

Feb. 11, 1992.

Stephen J. Riley, Fort Lauderdale, Fla., Christopher C. Fallon, Jr., Philadelphia, Pa., for plaintiff.

Ronald E. Solomon, Fort Lauderdale, Fla., for W.M. Barr & Co., Inc.

Charles P. Flick, Miami, Fla., for Home Depot, Inc.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT

MORENO, District Judge.

THIS CAUSE came before the Court upon defendant W.M. Barr & Co.'s Motion for Summary Judgment in this matter involving claims of negligence, strict liability and breach of warranty against a manufacturer and retailer[1] of an alleged inherently dangerous product. Having reviewed the written pleadings and deposition testimony submitted and considering the legal arguments presented by the parties, defendant's motion for summary judgment is denied in accordance with the following order.

### I. *Standard for Summary Judgment*

■ Summary judgment is authorized only when:

> the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56. The party moving for summary judgment has the burden of meeting this exacting standard. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). In

---

1. Retailer Home Depot, Inc. joined in and adopted manufacturer W.M. Barr & Co.'s motion for summary judgment.

applying this standard, the *Adickes* Court explained that when assessing whether the movant has met this burden, the courts should view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. All reasonable doubts about the facts should be resolved in favor of the non-movant. *Adickes*, 398 U.S. at 157, 90 S.Ct. at 1608.

■ The party opposing the motion may not simply rest upon mere allegations or denials of the pleadings; after the moving party has met its burden of coming forward with proof of the absence of any genuine issue of material fact, the non-moving party must make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial. *Environmental Defense Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir.1981). Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. *Lighting Fixture & Elec. Supply Co. v. Continental Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir.1969). If reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment. *Impossible Electronics Techniques, Inc. v. Wackenhut Protective Systems, Inc.*, 669 F.2d 1026, 1031 (5th Cir.1982).

■ Moreover, the party opposing a motion for summary judgment need not respond to it with any affidavits or other evidence unless and until the movant has properly supported the motion with sufficient evidence. *Adickes*, 398 U.S. at 160, 90 S.Ct. at 1609. The moving party must demonstrate that the facts underlying all the relevant legal questions raised by the pleadings or otherwise are not in dispute, or else summary judgment will be denied notwithstanding that the non-moving party

has introduced no evidence whatsoever. *Brunswick Corp. v. Vineberg*, 370 F.2d 605, 611–12 (5th Cir.1967).

## II. *Facts and Procedural History*

### A. Facts

Viewing the facts in the light most favorable to the non-moving party, in this matter plaintiff Stanley Industries, Inc d/b/a Gallery Industries, the court finds the following facts to be significant in resolving the motion for summary judgment. On August 30, 1988 a fire occurred at the Gallery Industries plant. Plaintiff alleges that the fire in plaintiff's facility was caused by the spontaneous combustion of rags soaked in Kleanstrip Boiled Linseed Oil which were used by plaintiff's employees to oil a cutting table on that date.

Defendant W.M. Barr & Co. was engaged in the business of manufacturing, packaging and distributing linseed oil products, marketed under the name Kleanstrip Boiled Linseed Oil. Defendant Home Depot, Inc. was involved in selling the product Kleanstrip Boiled Linseed Oil. Management level employees of Gallery Industries purchased the linseed oil from Home Depot, Inc. W.M. Barr & Co. manufactured the linseed oil purchased from Home Depot.

The two employees who used the oil were brothers from Nicaragua whose primary language is Spanish. For one of the brothers, the job at Gallery Industries was his first job held after coming to the United States.

The label attached to the exterior of the Kleanstrip Boiled Linseed Oil can was printed in English. Instructions and directions for the use of the linseed oil were written on the backside of the label. Warnings concerning spontaneous combustion and disposal of rags were printed on the backside of the label beneath a caption stating: "KEEP OUT OF REACH OF CHILDREN". The label contained no graphics, symbols or pictographs on either side of the label alerting users to the product's dangerous propensities.

The date on which the fire occurred was the first time that the two Hispanic employees had ever used boiled linseed oil. One of the brothers cannot read or comprehend English. The other could read·words written on the English language label but had difficulty understanding their meaning. Both employees testified that they would have sought more information on how to use the product if the label contained warnings in Spanish concerning the flammability of the product.

Before the date of the fire, defendants Barr and Home Depot arranged to jointly and cooperatively advertise, promote and market products in Home Depot's various markets including the Miami market. Home Depot regularly and actively advertised in the Miami market on Hispanic television, on four different Hispanic radio stations and in *Diario Las Americas*, a Spanish-language newspaper. Just three weeks before the fire, Home Depot, in accordance with its cooperative advertising agreement with defendant manufacturer Barr, placed an advertising order for various products including defendant Barr's Kleanstrip products with *Diario Las Americas*, with the ad to run on September 2, 1988. Home Depot also employed a translator service to convert English instructions to Spanish for several of its product lines, including between forty and seventy products, which it marketed with bilingual instructions.

## B. Procedural History

Plaintiff Gallery Industries sued manufacturer Barr and retailer Home Depot under three counts each for negligent failure to warn, strict liability and breach of warranty of fitness for a particular purpose. Defendant Barr's motion for summary judgment, cast in a style as dispositive of the entire matter, only addresses the liability for negligent failure to warn.[2] Plaintiff Gallery contends that the defendants failed to fairly and adequately warn the product

users of the boiled linseed oil's dangerous propensities because:

a. the language relating to spontaneous combustion was located only on the backside of the label on the ·product's can.

b. the language in question was in small print, buried beneath the bold caption "KEEP OUT OF REACH OF CHILDREN" on the backside of the product label.

c. the content of the language in question as it appeared in small print on the backside of the product label was inadequate to fairly and appropriately warn users of the product of the dangers associated with the product's use from the standpoint of causing or contributing to spontaneous combustion fires.

d. the language on the backside of the product label was in English only and contained no pictographs or symbols, and therefore was inadequate to fairly, appropriately and comprehensively warn Spanish-speaking, monolingual product users of the dangers likely to be encountered with the product's use especially the dangers associated with the risk of fire due to spontaneous combustion in linseed oil soaked rags.

Defendants argue that they are entitled to summary judgment as a matter of law because the plaintiff cannot establish the essential element of proximate cause.

## III. *Analysis*

### A. Negligent failure to warn

■ A prima facie case of products liability negligence, similar to an action for common law negligence, requires some evidence that the defendant breached a duty which actually and proximately caused plaintiff's injury. *E.R. Squibb & Sons, Inc. v. Cox*, 477 So.2d 963, 969 n. 3 (Ala. 1985) (*citing* Epstein, *Products Liability: Defenses Based on Plaintiff's Conduct*, 1968 Utah L.Rev. 267, 270).

---

2. Defendant contends that the plaintiff cannot establish proximate cause because the plaintiff failed to read the label. Strict liability and breach of warranty theories of recovery do not depend on conduct or failure of the parties to act. Plaintiff's alleged failure to read the label would not entitle the defendants to summary judgment on the strict liability and breach of warranty counts.

Under Florida law, a manufacturer and distributor of a product has a duty to warn of the inherent dangers associated with a product when the product has dangerous propensities. *Advance Chemical Co. v. Harter*, 478 So.2d 444, 447 (Fla. 1st DCA 1985). The manufacturer must provide users with a fair and adequate warning of a product's dangerous propensities. *Edwards v. California Chemical Co.*, 245 So.2d 259, 263 (Fla. 4th DCA 1971). In short, a manufacturer must take reasonable precautions to avoid reasonably foreseeable injuries to the users of its products and thereby assumes a duty to convey to the users of that product a fair and adequate warning of the dangerous potentialities of the products so that the user, by the exercise of reasonable care, will have fair and adequate notice of the possible consequences of the product's use or misuse. *Johns–Manville Sales Corp. v. Janssens*, 463 So.2d 242, 248–49 (Fla. 1st DCA 1984).

Plaintiff Gallery argues that defendants Barr and Home Depot assumed a duty to fairly and adequately warn these Spanish-speaking product users because they, *inter alia*, jointly advertised and promoted products, including Kleanstrip boiled linseed oil, in various Hispanic media in Miami. Due to this extensive advertising in the Hispanic media, plaintiff argues that the defendants should have reasonably foreseen that Spanish-speaking employees would be involved in using this product. Defendant maintains that this court should not even reach the issue of the adequacy of the warning in this case because the plaintiff is unable to establish the essential element of proximate cause. What defendants Barr and Home Depot fail to recognize, however, is that the issues of adequacy of warning and proximate cause are inextricably intertwined in this matter.

### B. Proximate cause

The question framed for causation in the negligent failure to warn category is: Had the seller supplied an adequate warning, would the injured plaintiff have changed his behavior so as to avoid injury? *See* Madden, *The Duty to Warn in Prod-*ucts Liability: Contours and Criticism, 89 W.Va.L.Rev. 221, 270 (1987). One method of negating proximate cause is for the defendant to demonstrate that even an adequate warning would not have altered the particular plaintiff's course of conduct. *Id.* at 272.

Defendant Barr takes this route, contending that a warning, even if adequate, would not have mattered, because the users of the product failed to read the warning label. Essentially Barr argues that the label could have been very explicit concerning spontaneous combustion and disposal of oily residue rags, but the users would not have acted differently given their complete failure to read the label. Defendant Barr relies on two cases from the Florida Third District Court of Appeal for its interpretation of proximate cause under Florida products liability law. *Lopez v. Southern Coatings, Inc.*, 580 So.2d 864 (Fla. 3d DCA 1991); *Ashby Division of Consolidated Aluminum Corp. v. Dobkin*, 458 So.2d 335 (Fla. 3d DCA 1984).

In *Lopez*, the plaintiff was an office worker who was allegedly overcome by paint fumes while her office was being painted. The plaintiff sued the paint manufacturer and the painting company. The painter and his employer testified in depositions that they had not read the label on the paint cans.

Affirming summary judgment in favor of the manufacturer, the *Lopez* court reasoned that where the person to whom the manufacturer owed a duty to warn-the painter-has not read the label, an inadequate warning cannot be the proximate cause of the plaintiff's injuries. *Lopez*, 580 So.2d at 865. There was no indication in the *Lopez* case that the painter could not read and understand English.

The critical distinction between this case and *Lopez* and *Ashby* is that the alleged inadequacy—defendant's failure to provide bilingual warnings or universally accepted pictorial symbols—caused the product users to be unable to read the label on the can. *E.R. Squibb & Sons, Inc. v. Cox*, 477 So.2d 963 (Ala.1985). In *Cox*, the plaintiff

threw away the box and insert containing the alleged inadequate warnings without reading them. The *Cox* court properly determined that the plaintiff failed to offer any evidence that the alleged inadequate warning proximately caused the plaintiff's injury.

Even if the warning had specifically outlined the specific injuries that could result from misuse of the product, it would have made no difference because it would not have changed the *Cox* plaintiff's course of action. The plaintiff simply did not read the label. The *Cox* court distinguished the case where a plaintiff *cannot read the label* and alleges that the written warning is inadequate for failure to include symbols. *Cox*, 477 So.2d at 970 (emphasis added). In making this distinction, the *Cox* court noted:

> In either of the above situations, the very nature of the alleged breach is such that it causes a potential plaintiff to fail to read the warning which causes his injury. The warning might even be perfectly adequate with respect to wording, so that if a potential plaintiff read it he would appreciate the product's particular danger, alter his conduct accordingly, and not be injured. But, in the situations ... above, the warnings are potentially inadequate because they are presented in a manner that prevents a consumer from reading them and being warned.

*Id.* at 970–71. The *Cox* court held that a plaintiff who does not read an allegedly inadequate warning cannot maintain a negligent-failure-to-adequately-warn action unless the nature of the alleged inadequacy is such that it prevents him from reading it. *Id.* at 971.

This court finds that the reasoning applied in *Cox* is better than the unqualified rationale in *Lopez*. The *Lopez* court sweeps too broadly in its holding that failure to read the warning label extinguishes proximate cause. A court must delve into the reasons for the failure to see if they coincide with the alleged inadequacies in the warning. Plaintiff's contention that the defendants inadequately conveyed warnings because they failed to attach bi-lingual instructions or universal cautionary symbols demonstrates the overlapping of adequacy and proximate cause in this matter. Proximate cause is a question of fact for the jury to resolve. *Ziglar v. E.I. Du Pont de Nemours & Co.*, 53 N.C.App. 147, 280 S.E.2d 510, 519 (1981).

## C. Adequacy of Warning

The issue of adequacy of a warning that does not include multilingual warnings or universally accepted pictographs or symbols, in view of defendants' active marketing of their products in the Hispanic media in the Miami market, is a question of first impression in this district. This court refers to decisions of several other courts to guide its determination.

Preliminarily this court observes that a warning is adequate if it is communicated by means of positioning, lettering, coloring, and *language* that will convey to the typical user of average intelligence the information necessary to permit the user to avoid the risk and to use the product safely. *Madden, supra,* at 234 (emphasis added). Evaluating the adequacy of a warning requires a court to weigh (1) the dangerousness of the product; (2) the form in which the product is used; (3) *the intensity and form of the warnings given;* (4) the burdens to be imposed by requiring warnings; and (5) the likelihood that the particular warning will be adequately communicated to those who will foreseeably use the product. *Dougherty v. Hooker Chemical Corp.*, 540 F.2d 174, 179 (3d Cir.1976) (emphasis added).

Issues concerning the adequacy of a warning are for the jury to resolve. *Tampa Drug Co. v. Wait*, 103 So.2d 603, 609 (Fla.1958); *Upjohn Co. v. MacMurdo*, 536 So.2d 337, 339 (Fla. 4th DCA 1988).

The First Circuit Court of Appeals addressed the issue of adequacy where the plaintiffs were foreign nationals who spoke limited or no English. *Hubbard–Hall Chemical Co. v. Silverman*, 340 F.2d 402 (1st Cir.1965). The employees in *Hubbard–Hall* were natives of Puerto Rico. One could read some English; the other could

not read any English. The employees used Parathion as a pesticide without wearing protective clothing or masks and died following inhalation of the chemical. Since Parathion was poisonous, the seller labeled it with an extensive warning in English.

Sustaining a jury finding that the seller's warning was inadequate, the *Hubbard–Hall* court reasoned:

> We are of the opinion that the jury could reasonably have believed that defendant should have foreseen that its admittedly dangerous product would be used by, among others, persons like plaintiffs' intestates, who were farm laborers, of limited education and reading ability, and that a warning [even if it complied with federal statutory requirements] would not, because of its lack of a skull and bones or other comparable symbols or hieroglyphics, be 'adequate' ...

*Id.* at 405. In light of the defendants' joint advertising in Miami's Hispanic media and the nature of the product, this court likewise finds that it is for the jury to decide whether the defendant could have reasonably foreseen that the boiled linseed oil would be used by persons such as Gallery's Nicaraguan, Spanish–Speaking unskilled laborers.

In a New Jersey products liability case, the plaintiff was an individual born and raised in Portugal who was injured while working for a manufacturer of truck trailers. *Campos v. Firestone Tire & Rubber Co.,* 98 N.J. 198, 485 A.2d 305 (1984). The plaintiff could not read or write English. The jury found for the plaintiff on the failure to warn products liability claim.

On appeal, the *Campos* court concluded that pictorial symbols might be necessary to render a warning adequate where the labor was of an unskilled or semi-skilled nature and many individuals did not speak English. *Id.* 485 A.2d at 310. It is uncontested that a large portion of the unskilled or semi-skilled Miami workforce is comprised of foreign nationals whose native tongue is not English. Noting defendants' targeting of the Hispanic population through the Hispanic media, this court believes that is for the jury to decide whether

a warning should at least contain universally accepted cautionary symbols.

This court holds that there are genuine issues of material fact with respect to the adequacy of the warning label, the duty to warn and proximate cause which would be inappropriately resolved by entering summary judgment. Given the advertising of defendants' product in the Hispanic media and the pervasive presence of foreign-tongued individuals in the Miami workforce, it is for the jury to decide whether a warning, to be adequate, must contain language other than English or pictorial warning symbols. The court is quick to add that it does not intend to advance any position on the merits of the case nor does its decision foreclose affirmative defenses such as comparative negligence or intervening cause.

WHEREFORE defendants' joint motion for summary judgment is DENIED.

DONE AND ORDERED.