[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

JUN 21 2012

JOHN LEY
CLERK

————————————

No. 11-10405

————————————

D.C. Docket No. 1:09-cv-23789-JLK

LILYBET FARIAS,

Plaintiff–Appellant,

versus

MR. HEATER, INC.,
ENERCO GROUP, INC.,
THE HOME DEPOT, INC.,
d.b.a. Home Depot USA, Inc.,

Defendants–Appellees.

————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————

(June 21, 2012)

Before CARNES, BARKETT and BLACK, Circuit Judges.

BARKETT, Circuit Judge:

Lilybet Farias appeals from an adverse summary judgment and the denial of

her Rule 59 motion for reconsideration in favor of Mr. Heater, Inc., Enerco Group, Inc., and the Home Depot, Inc., ("Defendants"), on her claims of strict products liability[1] and negligent failure to warn. Farias asserts that the Defendants negligently failed to warn her of the danger which could result from the indoor use of the two propane gas-fired infra-red portable heaters that she purchased from Home Depot and which had been manufactured by Enerco and Mr. Heater. As a result of the allegedly inadequate warnings, Farias argues that she unwittingly used the two heaters inside her home and when she failed to close the valve on one of the propane gas tanks before going to sleep, her home caught on fire, causing approximately $300,000 in damages.[2] On appeal, Farias argues that the district court erred by resolving as a matter of law, rather than leaving for the jury's determination, the question of the adequacy of the warnings and instructions provided with the propane gas heaters.

It is well-established that Florida law imposes a duty to warn "where a product is inherently dangerous or has dangerous propensities" unless such dangers are known or obvious. See Rodriguez v. New Holland North America, Inc., 767

---

[1] On appeal, Farias raises no arguments in support of her strict liability claim, and we therefore deem this claim to have been abandoned. Fanin v. U.S. Dept. of Veterans Affairs, 572 F.3d 868, 876 n.1 (11th Cir. 2009).

[2] Farias was compensated for her losses by her insurance company in the amount of $305,060.86. This action is a subrogation claim in which Farias is seeking to reimburse her insurance company through a money damages award from the Defendants.

2

So. 2d 543, 544–45 (Fla. 3d Dist. Ct. App. 2000). The Defendants do not dispute that they had a duty to warn users of the propane gas heaters of the potential harmful consequences of this product. Instead the parties' dispute is whether the warnings and instructions that Enerco provided with its Mr. Heater propane gas heater were adequate and whether the district court correctly resolved this question as a matter of law, rather than leaving it for the jury's determination.

"While in many instances the adequacy of warnings . . . is a question of fact," the Florida Supreme Court has held that it can be resolved as a question of law where the warning is "accurate, clear, and unambiguous." Felix v. Hoffmann-LaRoche, Inc., 540 So. 2d 102, 105 (Fla. 1989) (noting that many other courts have held the same). "To warn adequately, the product label must make apparent the potential harmful consequences. The warning must be of such intensity as to cause a reasonable man to exercise for his own safety caution commensurate with the potential danger." Scheman-Gonzalez v. Saber Mfg. Co., 816 So. 2d 1133, 1139 (Fla. 4th Dist. Ct. App. 2002). The adequacy of a warning is "determined by a 'reasonable person' standard, rather than on each particular plaintiff's subjective appreciation of the danger." Byrnes v. Honda Motor Co., Ltd., 887 F. Supp. 279, 281 (S.D. Fla. 1994). Accordingly, and contrary to Farias's contentions otherwise, the question of the adequacy of the warnings accompanying the Mr. Heater propane

3

gas heater can properly be resolved as a matter of law so long as the warnings are objectively accurate, clear, and unambiguous.

Although the allegations in Farias's Complaint and her summary judgment arguments predominately addressed whether the Defendants had a duty under Florida law to provide warnings in the Spanish language,[3] on appeal, Farias does not challenge the district court's conclusion that Florida law does not automatically impose a duty to provide bilingual warnings on consumer products. Instead, Farias presents two arguments in support of her contention that the adequacy of the warnings accompanying the Mr. Heater propane heater must be determined by a jury. First, she argues that the district court erred in concluding that the English-language written warnings and graphic depictions, which were provided, can be deemed "adequate" as a matter of law because she asserts they are inherently contradictory, inaccurate and ambiguous. She also argues that the circumstances surrounding the Defendants' marketing of the Mr. Heater propane gas heaters to Miami's Hispanic community are similar to the facts of <u>Stanley Indus., Inc. v. W.M.</u>

---

[3] The parties' summary judgment arguments also addressed whether the Defendants actually provided sufficient Spanish-language warnings. The Defendants argued in the alternative that if they had a duty to provide Spanish-language warnings, they satisfied that duty through the warnings that appeared on the propane gas tank that was used with the Mr. Heater. Having concluded that the Defendants were not required as a matter of Florida law to provide warnings in the Spanish language, the district court did not reach this question. Although Farias argues on appeal that the adequacy of the Spanish language warnings that allegedly were on the propane gas tank should be determined by a jury, we need not address her argument having concluded that the English language warnings were adequate as a matter of law.

Barr & Co., 784 F. Supp. 1570 (S.D. Fla. 1992), which left the question of the adequacy of the English-only warnings on a consumer product to the jury.

While we have some doubts about whether the arguments Farias puts forth on appeal were properly raised in the district court,[4] we nonetheless see no error in the district court's conclusion that the warnings provided by the Defendants were adequate as a matter of law. Having considered the totality of the written warnings and graphic depictions, we find that the Defendants adequately notified consumers of the "apparent potential harmful consequences" of the indoor use of the Mr. Heater propane gas heater, including the risk of fire. See Scheman-Gonzalez, 816 So. 2d at 1139. We are not persuaded by Farias's argument that the picture illustrations on the packaging material and the written instruction manual were ambiguous as to whether the heater could be used inside a person's home and whether the heater

---

[4] The arguments Farias raises on appeal are more consistent with the two bases she raised in her Rule 59 motion for reconsideration of the district court's summary judgment order. Farias also noticed her appeal of the district court's denial of her Rule 59 motion, which it appears the district court considered on the merits (rather than dismissing for procedural reasons), and therefore we will treat Farias's arguments raised on her Rule 59 motion as properly before us. On appeal, Farias also relies on documents, which she argues demonstrate that Home Depot assumed a duty to provide Spanish language instructions and warnings on its products by adopting a policy requiring its vendors to use bilingual packaging. These documents were introduced for the first time as part of her Rule 59 motion. In denying the Rule 59 motion on the merits, the district court seems to have accepted Farias's evidence into the record. We, therefore, will treat these documents as part of the record. Ultimately, however, none of these newly raised arguments or evidence persuades us that the district court erred in its conclusion that the Defendants' warnings were adequate as a matter of law.

posed a fire hazard if used inside a person's home.

As to the adequacy of the warnings that the heater could only be used outdoors, the outside of the product's box contained, in addition to others, the following operating instructions and "important safeguards": "This heater is recommended for outdoor use only"; "Always store propane cylinders outdoors in well-ventilated areas"; "Not designed for use in living areas or small tightly enclosed spaces"; and "Propane cylinders should be located outdoors during heater operation." The box also listed as examples of product use: "Construction Sites," "Auto & Truck Repair," "Other Vehicle Maintenance (farm equipment, trailers, etc.)," "Animal Comfort," "Outdoor Jobs," "Thawing & Heating Purposes," and "Recreation, Poolside Areas." Moreover, the boxes had six photos depicting appropriate uses of the heaters, each labeled with the depicted use including, "Loading Docks," "New Construction," "Warehouses," "Splitting Wood," "Patios," and "Home Auto Repair."

The instruction manual also provided the following relevant warnings about the appropriate use of the heater:

> READ INSTRUCTIONS CAREFULLY: Read and follow all instructions. Place instructions in a safe place for future reference. Do not allow anyone who has not read these instructions to assemble, light, adjust or operate the heater.

> DO NOT LEAVE HEATER UNATTENDED OR IN OPERATION

6

WHILE SLEEPING

WARNING:
CARBON MONOXIDE CAN KILL YOU: USING A PORTABLE
GAS CAMPING HEATER INSIDE A TENT, RV, CAMPER,
VEHICLE, SHELTER OR OTHER ENCLOSED AREAS CAN
PRODUCE DEADLY CARBON MONOXIDE.

WARNING: NOT FOR HOME OR RECREATIONAL VEHICLE
USE

WARNING: Asphyxiation Hazard: Do not use this heater for heating
human living quarters. Do not use in unventilated areas.

WARNING: This heater is an unvented appliance and
MUST be used ONLY in a well-ventilated area. NEVER attempt to
operate the heater inside any vehicle, camper or enclosure.

THIS HEATER MUST BE USED WITH ADEQUATE
VENTILATION. Do not use in a tightly enclosed area. Two
openings directly to the outdoors MUST be provided.

WARNING: To avoid injury or property damage never allow
clothing, tents or other combustible material within 24" of the heater.
This heater must be located at least 32" above the floor level when in
use. Never operate the heater while sleeping.

Farias argues that the warning about not leaving the heater unattended while sleeping and the warnings about ventilation raise an ambiguity about whether the heater can be used inside of a residential home. She also argues that the pictures of the proposed use of the heater in the warehouse, new construction site and on a patio add to that ambiguity. We however, do not find that the warnings or pictures create any ambiguity about whether the heater can be used inside a residential home as

Farias suggests. There are several written warnings that the heater must only be used outdoors. These warnings make it clear that it is unsafe to use the heater in living areas, dwellings, tightly enclosed areas or near combustible items. None of the pictures show the heater being used inside a home. The depicted patio use and home auto repair feature both users performing an <u>outdoor</u> activity at their homes.

The warnings also adequately convey the message that misuse of the heater runs a serious risk of not only fire, but explosions, asphyxiation, carbon monoxide poisoning, electrical shock, and personal injury, loss of life and property damage. Those warnings are provided in bold and capital letters and contain the headings "WARNING." We find these warnings to be "of such intensity as to cause a reasonable man to exercise for his own safety caution commensurate with the potential danger" of fire that occurred due to Farias's misuse of the heater. <u>Scheman-Gonzalez</u>, 816 So. 2d at 1139.

Finally, we are unpersuaded that the facts of this case are similar to those in <u>Stanley Indus. Inc. v. W.M. Barr & Co.</u>, 784 F. Supp. 1570, 1576 (S.D. Fla. 1992), in which the district court concluded that "[g]iven the advertising of defendants' product in the Hispanic media and the pervasive presence of foreign-tongued individuals in the Miami workforce, it is for the jury to decide whether a warning, to be adequate, must contain language other than English or pictorial warning

8

symbols." Unlike in Farias's case, in <u>Stanley Industries</u>, the district court found that the manufacturer and seller of the linseed oil, which caused a fire, engaged "regularly and actively" in general marketing on "Hispanic television, on four different Hispanic radio stations and in <u>Diario Las Americas</u>, a Spanish-language newspaper." 784 F. Supp. at 1573. Just three weeks before the fire, the seller placed an order for an advertisement for the linseed oil to run in <u>Diario Las Americas</u>. <u>Id.</u> Given these facts involving the specific targeting of the largely Hispanic "unskilled or semi-skilled Miami workforce" through the Hispanic media, the district court concluded that a jury should determine if the adequacy of the warnings necessitated them to be in Spanish. <u>Id.</u>

Here, Farias has produced no evidence that Enerco or Home Depot specifically marketed the Mr. Heater in any way to Spanish-speaking customers through the use of Hispanic media. That Home Depot has recently instituted an internal policy for all of its vendors to use bilingual packaging is not evidence of a targeted marketing campaign of the Mr. Heater to Miami's Hispanic community through predominantly Hispanic media outlets.

Because we find no error in the district court's conclusion that the warnings provided with the Mr. Heater were adequate as a matter of law, we hereby AFFIRM the grant of summary judgment in favor of the Defendants on Farias's claim of

9

negligent failure to warn.[5]   We also AFFIRM the denial of Farias's Rule 59 motion for reconsideration.

AFFIRMED.

---

[5] Having concluded that the English warnings and instructions were adequate as a matter of law, we need not address Farias's additional arguments regarding proximate cause.