[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12972
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-21837-CMA

RENE LEONCIO,
HEIDI LEONCIO,

Plaintiffs - Appellants,

versus

LOUISVILLE LADDER, INC.,
f.k.a. Davidson Ladder Company,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 6, 2015)

Before MARCUS, WILLIAM PRYOR, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Plaintiffs Rene and Heidi Leoncio appeal the district court's entry of summary judgment in favor of Louisville Ladder, Inc.  Mr. Leoncio was injured when a ladder designed and manufactured by Louisville Ladder gave way beneath him while he was removing Christmas lights from his home.  He filed this lawsuit in state court, bringing claims for strict liability, negligence, and loss of consortium.  Louisville Ladder removed the case to federal court.

The district court granted partial summary judgment to Louisville Ladder for the claims based on a failure-to-warn theory of liability.  The court found that Mr. Leoncio's deposition testimony clearly established his failure to read the warning labels on the ladder.  Although Mr. Leoncio filed an affidavit stating that he had read the labels, the district disregarded it as a sham affidavit because it was "in direct contradiction with his earlier deposition testimony" and was not filed until after the defendant moved for summary judgment.  Partial Summary Judgment Order, ECF No. 91 at 8.  The affidavit was filed four months after Mr. Leoncio's deposition and three days before the plaintiffs' response to the defendant's summary judgment motion was due.  Mr. Leoncio never attempted to correct his deposition through errata sheets or otherwise.

The district court further rejected the plaintiffs' argument that, even assuming Mr. Leoncio failed to read the warnings, Louisville Ladder could be

liable for his injuries nonetheless.  Under Florida law, [1] however, "'[w]here the person to whom the manufacturer owed a duty to warn . . . has not read the label, an inadequate warning cannot be the proximate cause of the plaintiff's injuries.'" *Id*. at 10 (quoting *Lopez v. So. Coatings, Inc.*, 580 So. 2d 864, 865 (Fla. 3d DCA 1991).  The district court therefore granted summary judgment on the claims "predicated on Defendant's failure to provide an adequate warning," but allowed the design defect, manufacturing defect, and loss of consortium claims to proceed. *Id*. at 10.  The plaintiffs later decided not to pursue these remaining claims, and the district court entered final judgment in favor of Louisville Ladder.

The plaintiffs repeat the same arguments on appeal. [2]  We agree with the district court's reasoning in its partial summary judgment order.  Mr. Leoncio's deposition testimony unambiguously established that he had never read the warning labels on the ladder.  His self-serving, contradictory affidavit filed after Louisville Ladder moved for summary judgment was insufficient to create an issue of material fact.  Florida law is clear that Mr. Leoncio's failure to read the warning

---

[1] The district court implicitly found that Florida law applies, and the parties did not challenge that determination below or on appeal.  Accordingly, we will apply Florida law. *Cavic v. Grand Bahama Dev. Co., Ltd.*, 701 F.2d 879, 882 (11th Cir. 1983).

[2] The plaintiffs also argue on appeal that there were genuine issues of material fact regarding whether the warning label was adequate because it (1) was inconspicuous and (2) did not address the danger of inverted positioning of the ladder.  These arguments are arguably waived. *See* Order Denying Motion for Reconsideration, ECF No. 103 at 3.  Even if not waived and not foreclosed by Florida law on proximate cause, these arguments fail because Mr. Leoncio admitted that he had seen the warning label, and the warning label clearly shows the correct positioning of the ladder with the foot grips on the ground and the fly above the base, with arrows pointing to the locks where the fly overlaps the base.

cuts off Louisville Ladder's liability based on the alleged inadequacy of the warning. *Id*. We therefore affirm the district court's judgment.

**AFFIRMED**.